IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| US BIOSERVICES CORPORATION, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LETICIA LUGO, et al., ) <br> ) <br> Defendants. ) <br> ) <br> _____) | Case No. 08-2342-JWL |

**ORDER**

On this day, the parties appeared through counsel before the Court for hearing on plaintiffs' Motion for Temporary Restraining Order (Doc. # 3). The Court **grants in part and denies in part** the motion.[1]

Based on the evidence submitted by the parties, the Court finds that defendants Leticia Lugo and Garth Groman likely sent the reports contained in Exhibits 1 and 2 (which were received into evidence at the hearing) to their personal e-mail accounts during their employment with plaintiffs, in violation of plaintiffs' policies, and that the reports likely constitute trade secrets as defined in the Kansas Uniform Trade Secrets Act, Kan. Stat. Ann. § 60-3320. The Court further finds that plaintiffs have shown sufficient irreparable harm from the possible use by defendants of such reports; that

---

[1] The complete diversity of the parties came into question during the hearing. If the Court determines that it lacks subject matter jurisdiction, it will vacate this order.

defendants would suffer no harm in returning any such reports retained by them; and that the public interest does not weigh against requiring that return to plaintiffs. Accordingly, the Court orders as follows: By 5:00 p.m. CDT on August 7, 2008, defendants must return to plaintiffs any and all originals or reproductions of any portions of the reports contained in Exhibits 1 and 2, as well as any documents (including electronic information) derived from any portions of those reports contained in Exhibits 1 and 2, that are within defendants' possession or control; and the Court grants the motion for a temporary restraining order to that extent.

The Court finds that plaintiffs have not met their burden of establishing an entitlement to injunctive relief at this time with respect to any other relief that they request. Accordingly, the Court denies the motion for a temporary restraining order in all other respects.

This temporary restraining order shall expire on August 20, 2008, unless the Court modifies or extends the order.

Because the Court grants only limited relief, it finds that a nominal bond will be sufficient to compensate defendants if this temporary restraining order is ultimately found to have been improvidently granted. Accordingly, this temporary restraining order shall become effective upon plaintiffs posting of bond in the amount of $5,000.00.

The Court (Judge Lungstrum) will conduct a telephone conference in this case on August 11, 2008, at 9:30 a.m. CDT, at which time the Court will discuss the scheduling of a preliminary injunction hearing. The parties will receive notice of such conference.

IT IS SO ORDERED.

Dated this 6th day of August, 2008, in Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          Kathryn H. Vratil
                                          United States District Judge