IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

US BIOSERVICES CORPORATION, et al., )
)
                   Plaintiffs, )
)
v. )     Case No. 08-2342-JWL
)
LETICIA LUGO, et al., )
)
                 Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

In this action, by their amended complaint, plaintiffs assert claims against defendants for violation of the federal Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030; misappropriation of trade secrets in violation of K.S.A. § 60-3320; and tortious interference with contract or prospective business advantage.  This matter presently comes before the court on plaintiffs' motion for leave to file a second amended complaint (Doc. # 34).  The courts **grants** the motion for leave to amend.  In light of that ruling, the court **denies as moot** defendants' pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Doc. # 27).

Plaintiffs seek to amend their complaint to add a claim for breach of contract against defendant Leticia Lugo.  Plaintiffs also seek to add allegations related to their other claims and to their basis for diversity jurisdiction, in response to defendants' motion to dismiss, in which defendants attack the sufficiency of plaintiffs' allegations

on those issues.

Under Fed. R. Civ. P. 15(a), once a party has amended its pleading as a matter of course, it may amend again with the court's leave, and "[t]he court should freely give leave when justice so requires." The court may, however, deny leave to amend when it would be futile to allow the plaintiff that opportunity. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Moreover, in determining whether to grant leave to amend, the court may consider such factors as undue delay on the part of the plaintiff in raising the claim, *see Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006), bad faith on the part of the moving party, and any undue prejudice to the opposing party by virtue of allowance of the amendment, *see Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Ultimately, whether to grant leave to amend a complaint is within the discretion of the district court. *See Lind v. Aetna Health, Inc*., 466 F.3d 1195, 1199 (10th Cir. 2006).

Defendants argue that amendment to add the breach of contract claim would be futile by virtue of an applicable forum selection clause in the subject contract, which plaintiffs have attached to the proposed amended complaint. The clause states:

> Employee [Ms. Lugo] agrees that the exclusive venue and forum for any legal or equitable action arising from this Agreement shall be the courts located in Collin County, Texas. Employee consents to the personal jurisdiction of the courts of competent subject matter jurisdiction located in Collin County, Texas over Employee. Notwithstanding the foregoing, in the event that the aforementioned courts located in Collin County, Texas, cannot lawfully exercise jurisdiction over Employee and/or venue cannot be maintained in Collin County, Texas, then the proper venue and forum for any legal action arising from this Agreement shall be the federal

> district court in the district of the state where Employee was last employed to provide services to the Company [plaintiff US Bioservices Corporation] or, if such court does not have jurisdiction or will not accept jurisdiction, in any other court of general jurisdiction in such state.

Defendants argue that the clause is mandatory in requiring any claim arising out the agreement to be brought in Collin County, Texas, and that therefore plaintiffs' proposed claim for breach of this agreement would be subject to dismissal here.

The court rejects this argument by defendants. The forum selection clause on which defendants rely unambiguously provides for an alternative forum outside of Collin County, Texas, in certain instances (for example, if venue could not be established there).[1] Accordingly, the court cannot conclude that the proposed claim would necessarily be subject to dismissal at this stage of the litigation.[2] The court therefore rejects defendants' reliance on futility as a basis for denying plaintiffs' leave to amend.

In their only other argument in opposition to the motion for leave, defendants argue that plaintiffs should not be permitted yet another opportunity to refine their pleading and add new facts and claims. Defendants have filed only a single motion to dismiss for failure to state a claim, however, and the court would ordinarily have

---

[1] In fact, plaintiffs assert that venue is not proper in Collin County under Texas law because the events giving rise to this claim occurred in Kansas and no party resided in Collin County at the time of the alleged breach. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002 (venue statute). Because Ms. Lugo is alleged to have last worked for plaintiffs in Kansas, the claim would be properly brought in this court under the forum selection clause.

[2] In light of this ruling, the court need not address plaintiffs' alternative arguments that the forum selection clause was not mandatory and that the clause bound only Ms. Lugo and not plaintiffs.

3

afforded plaintiffs the opportunity to cure any pleading deficiencies by amendment at this early stage of the litigation. Therefore, the court rejects this argument by defendants.

The court concludes that defendants would not be unduly prejudiced by the amendment, and defendants have not shown that plaintiffs are acting in bad faith. Accordingly, the court, in its discretion, grants plaintiffs leave to file their second amended complaint. Plaintiffs shall file their proposed amended complaint as a separate pleading by the end of the day on October 10, 2008.

Moreover, because defendants' motion to dismiss addressed the sufficiency of the allegations in plaintiffs' first amended complaint, the court denies that motion as moot.

IT IS THEREFORE ORDERED BY THE COURT THAT Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. # 34) is **granted**. Plaintiffs shall file their proposed second amended complaint as a separate pleading by the end of the day on **October 10, 2008**.

IT IS FURTHER ORDERED BY THE COURT THAT Defendants' Motion to Dismiss the Amended Complaint (Doc. # 27) is **denied as moot**.

IT IS SO ORDERED.

Dated this 9th day of October, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum _____
John W. Lungstrum
United States District Judge
